# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Martinsburg

**WILLIAM C. STRUNA**,

        Plaintiff,

v.                                                                                       Civil Action No. 3:09-CV-77
                                                                                              Judge Bailey

**THE SHEPHERDSTOWN PLANNING
COMMISSION**, a public body, **THE
HISTORIC LANDMARK COMMISSION
OF SHEPHERDSTOWN**, a public body,
and **LANCE DOM**, individually and as
former mayor of Shepherdstown,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before this Court are (1) Defendant Shepherdstown Planning Commission's Motion for Partial Summary Judgment, filed June 30, 2010 (Doc. 13); (2) Motion to Dismiss for Res Judicata, filed June 30, 2010 (Doc. 14); and (3) Lance Dom's and Shepherdstown Planning Commission's Motion to Dismiss, filed June 30, 2010 (Doc. 15). No response to any of the motions has been filed by the plaintiff.

This case emanates from a dispute between the plaintiff and defendants with regard to replacement windows at property located at 107 West New Street in Shepherdstown, West Virginia. In 2006, the plaintiff filed an application for a building permit, which application was denied by the Shepherdstown Planning Commission ("Planning Commission") on January 15, 2007.

On May 8, 2008, the plaintiff filed an action in the Circuit Court of Jefferson County,

1

West Virginia, against former mayor Dom and the Planning Commission, Jefferson County Civil Action No. 08-C-195. While a copy of the complaint in that action has not been provided to the Court, the movants state that the complaint alleged that the Planning Commission unlawfully denied his application for a building permit and that in 2006 defendant Dom violated the plaintiff's property rights.

According to the movants, the Jefferson County Circuit Court dismissed the action on April 30, 2009, dismissing Count III with prejudice.

On June 22, 2009, the plaintiff filed a second application for a building permit, which application was denied by the Planning Commission on October 8, 2009.

On November 6, 2009, the plaintiff filed this action.

I. **Defendant Shepherdstown Planning Commission's Motion for Partial Summary Judgment**

In the Planning Commission's Motion for Partial Summary Judgment (Doc. 13), the movant bases the Motion on the assertion that the plaintiff lacks a legally protected interest in the property and, therefore, lacks standing to bring the action.

The Planning Commission is correct that the plaintiff asserts that he "is the Executor of the Estate of Marjorie C. Struna which is the owner of the real estate located at 107 West New Street, Shepherdstown, West Virginia." (Doc. 3-1). The Planning Commission is also correct that an executor of an estate in West Virginia, in the absence of insolvency, has no interest in the real estate. **Laidley v. Kline**, 8 W.Va. 218 (1875); **Moore v. Pyles**, 121 W.Va. 537, 5 S.E.2d 445, 447 (1939). Syllabus Point 3 of **Laidley** states that "[t]he real estate of an intestate in no wise, and for no purpose, goes into the possession or control of the administrator, but legal title to the same descends directly to the legal heirs, subject,

of course, to the just debts of the estate, in so far at least as the personalty falls short of paying the same." The same applies to the executor of a will. ***Tyler v. Reynolds***, 121 W.Va. 475, 7 S.E.2d 22 (1940).

While the plaintiff has not seen fit to reply to the Motion, a review of the docket of this case shows that the plaintiff (improperly) filed interrogatory answers, which state that the plaintiff was devised an interest in the property by Ronald Farrington, the beneficiary of the Marjorie Struna Estate.

In light of this claim, this Court will deny the Motion.

### II.     Motion to Dismiss for Res Judicata

The Motion to Dismiss for Res Judicata, filed by the Planning Commission and by the Historic Landmark Commission of Shepherdstown ("Landmark Commission") alleges that Counts II and III of the Complaint should be dismissed for failure to state a claim upon which relief can be granted (Doc. 14). The essence of the Motion is that *res judicata* applies because the Circuit Court of Jefferson County dismissed Count III of the complaint filed in that Court with prejudice. Unfortunately, no party has provided this Court with a copy of the state court complaint, so that this Court cannot definitively state what claims were dismissed with prejudice. Accordingly, the Motion will be denied without prejudice to the parties reasserting the defense of *res judicata* in a motion for summary judgment.

### III.    Lance Dom's and Shepherdstown Planning Commission's Motion to Dismiss

Lance Dom's and Shepherdstown Planning Commission's Motion to Dismiss (Doc. 15) seeks the dismissal of Mr. Dom due to the failure of service and the dismissal of certain allegations against the Planning Commission due to the expiration of the statute of

3

limitations.

Under Rule 4(m) of the Federal Rules of Civil Procedure and under Rule 4(k) of the West Virginia Rules of Civil Procedure require that the complaint and summons be served upon a defendant within 120 days after the filing of the complaint. In this case, the Complaint was filed on November 6, 2009. Service was required to have been made upon the defendants by March 16, 2010, unless an extension were requested from this Court. No such request was ever made, even after the filing of the Motion to Dismiss. In addition, the plaintiff has made no response to the Motion. Accordingly, defendant Dom will be dismissed from this action.

The Planning Commission's interposition of the statute of limitations is also well taken. This case was filed on November 6, 2010. The applicable statute of limitations is two years. **W.Va. Code** § 55-2-12. Accordingly, any causes of action arising prior to November 6, 2008, will be dismissed. Since the first application to the Planning Commission was denied on January 15, 2007, and since the plaintiff did not timely appeal the denial of the building permit to the board of zoning appeals as provided in **W.Va. Code** § 8A-8-10, any claim based upon the denial of the first application to the Planning Commission is barred by the statute of limitations.

IV.     **Other Matters**

This Court invites briefing on the issue of whether the plaintiff waived substantive review of the correctness of the Planning Commission's decision by his failure to timely seek administrative review of the Planning Commission's decision under **W.Va. Code** §§ 8A-8-10 and 8A-9-1.

If any defendant wishes to address the issue, it shall file a memorandum of law within twenty-one (21) days of the entry of this Order. Any response shall be due within twenty-one (21) days of the filing of the initial memorandum, with any reply due within ten (10) days after filing of the response.

## CONCLUSION

For the reasons stated above:

Defendant Shepherdstown Planning Commission's Motion for Partial Summary Judgment (Doc. 13) is **DENIED**;

The Motion to Dismiss for Res Judicata (Doc. 14) is **DENIED**;

Lance Dom's and Shepherdstown Planning Commission's Motion to Dismiss (Doc. 15) is **GRANTED**;

Defendant Lance Dom is hereby **DISMISSED** from this action; and

Any causes of action arising prior to November 6, 2008, are **DISMISSED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: August 6, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE